**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MARVA D. PITTER,

Plaintiff,

vs.

NATIONSTAR MORTGAGE LLC

Defendant.

_________________________________/

**COMPLAINT**

**COMES NOW,** the Plaintiff, MARVA D. PITTER, by and through undersigned counsel, and brings this action against the Defendant, NATIONSTAR MORTGAGE LLC ("NATIONSTAR"), and as grounds thereof would allege as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of TILA and RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and TILA's respective implementing regulations.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

4. All conditions precedent to the filing of this action have been satisfied.

**JURISDICTION**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

**PARTIES**

9. At all times material hereto, Defendant, NATIONSTAR was and is a foreign corporation, incorporated under the laws of the State of Delaware; duly licensed to transact business in the State of Florida, has a principal address of 350 Highland Drive, Lewisville, TX 75067, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

10. At all times material hereto, Plaintiff was and is a resident of Miami-Dade County, Florida, and owns a home, which is Plaintiff's primary residence, in Miami-Dade County.

11. At some point in time prior to the violations alleged herein, NATIONSTAR was hired to service the subject loan.

12. At all times material hereto, NATIONSTAR, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation owned by NATIONSTAR and secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at ***** SW 147th, Terrace, Miami, FL 33176.

13. At all times relevant to this Complaint, NATIONSTAR, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

14. At all times relevant to this Complaint, NATIONSTAR, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

15. Upon information and belief, the primary function of NATIONSTAR's servicing business is to collect payment on mortgage accounts.

16. Upon information and belief, NATIONSTAR, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

17. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

18. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FCCPA by virtue of being directly affected by violations of the Act.

19. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statute §559.55(1).

**BACKGROUND AND GENERAL ALLEGATIONS**

20. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by NATIONSTAR as loan number: *****9450 (herein after the "Mortgage Loan").

21. Plaintiff had legitimate concerns about specific charges that were being added to Plaintiff's account.

22. The status of the foreclosure process in the State of Florida has deteriorated to such an extent that even the Supreme Court of Florida could not ignore the unfortunate situation. Pino v. Bank of New York, 121 So. 3d 23, 30 (Fla. 2013) (*quoting* Pino v. Bank of New York Mellon, 57 So.3d 950, 954 (Fla. 4th DCA 2011) ("many, many mortgage foreclosures appear[ed] [to be] tainted with suspect documents").

23. Additionally, the CFPB has acknowledged that, "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

24. In an effort to utilize the protections afforded to consumers by Congress, on or about November 24, 2015, Loan Lawyers—on behalf of Plaintiff—mailed to NATIONSTAR a written request for information pursuant to TILA, Regulation X, and Regulation Z ("Plaintiff's RFI"). NATIONSTAR received Plaintiff's RFI on or about December 4, 2015.

25. A true and correct copy of same is attached as Exhibit "A".

26. Plaintiff's RFI asked NATIONSTAR to: (1) provide an accurate statement of the total outstanding balance that would be required to satisfy the above-referenced obligation in full as of a specified date ("payoff statement"); (2) identify the owner of Plaintiff's Promissory Note; and (3) provide a detailed explanation and documentation to support charges of $48.41 imposed on an October 2015 mortgage statement.

27. NATIONSTAR was obligated to provide an accurate payoff statement within seven (7) business days of receipt of Plaintiff's RFI, pursuant to 15 U.S.C. § 1639g and 12 C.F.R. § 1026.36(c)(3).

28. Section 1639g of TILA, states: "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."

29. Section 1026.36(c)(3) of Regulation Z, states:

> [A] creditor, assignee or servicer, as applicable, must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full as of a specified date. The statement shall be sent within a reasonable time, but in no case more than seven business days, after receiving a written request from the consumer or any person acting on behalf of the consumer.

12 C.F.R. § 1026.36(c)(3)

30. NATIONSTAR, was obligated to acknowledge receipt of Plaintiff's RFI in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c).

31. NATIONSTAR, was obligated to provide a written response to Plaintiff's information requests within thirty (30) business days, which included the requested information or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". *See* 12 C.F.R. § 1024.36(d).

32. NATIONSTAR failed to provide an accurate payoff statement within seven (7) business days.

33. As such, on December 23, 2015, Loan Lawyers, LLC, on behalf of Plaintiff, sent NATIONSTAR a correspondence informing NATIONSTAR that a payoff statement was outstanding.

34. A true and correct copy of same is attached hereto as Exhibit “B”.

35. On January 13, 2016, NATIONSTAR responded to Plaintiff’s RFI.

36. A true and correct copy of the response is attached hereto as Exhibit “C”.

37. NATIONSTAR’s response was boilerplate and did not address Plaintiff’s specific concerns regarding the charges imposed on the October 2015 mortgage statement.

38. NATIONSTAR also failed to provide a complete pay history for the life of the Mortgage Loan. Instead, NATIONSTAR provided a pay history for the period NATIONSTAR serviced the Mortgage Loan.

39. In an attempt to obtain the outstanding information, on January 26, 2016, Loan Lawyers, on behalf of Plaintiff, sent NATIONSTAR a follow up correspondence seeking the outstanding information.

40. A true and correct copy of the letter is attached hereto as Exhibit “D”.

41. To date, NATIONSTAR has failed or refused to adequately respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

**PROPERTY INSPECTIONS**

42. Plaintiff's RFI informed NATIONSTAR that the property was occupied and that Plaintiff “has not allowed the property to deteriorate and has not committed waste on the property.” *See Exhibit “A”.*

43. Additionally, Plaintiff's RFI asked NATIONSTAR to cease monthly property inspections and informed NATIONSTAR that Plaintiff disputed any future property inspection fees charged to the Mortgage Loan. *See Exhibit "A"*.

44. Notwithstanding, NATIONSTAR has continued to inspect Plaintiff's property and charge Plaintiff fees for same.

45. In fact, in January 2016, Plaintiff noticed a vehicle unlawfully parked in her driveway. Upon information and belief, this was a third-party hired by NATIONSTAR to inspect the exterior of Plaintiff's property.

46. According to the pay history provided in NATIONSTAR's response to Plaintiff's RFI, there are three different charges in the amount of $15.00 labeled as "CORP ADV DISB" on November 19, 2015, December 14, 2015, and January 12, 2015. *See Exhibit "C"*.

47. Upon information and belief, the above-charges are for property inspections.

48. Upon information and belief, both the December 14, 2015, and January 12, 2015, inspection charges were imposed to the Mortgage Loan after Plaintiff put NATIONSTAR on notice that Plaintiff disputed any future inspection charges imposed to the Mortgage Loan.

49. NATIONSTAR has had ample notice of Plaintiff's dispute as to these charges and has disregarded same.

50. Upon information and belief, NATIONSTAR performs property inspections in order to increase its billing of Plaintiff and borrowers at large.

51. Upon information and belief, NATIONSTAR is not in need of even monthly inspection—let alone weekly inspections.

52. The inspections were performed by an unknown third-party who was hired or otherwise retained by NATIONSTAR to visit Plaintiff's home and to inspect the exterior and take

pictures of the house, etc.

53. These actions were taken in the open and in broad daylight, in full view of Plaintiff's neighbors, which caused embarrassment, anxiety and consternation to Plaintiff.

54. Upon information and belief, the owner/investor does not require or even request that NATIONSTAR perform monthly property inspections.

55. Upon information and belief, NATIONSTAR is marking-up the cost of the property inspections at the expense of Plaintiff.

**COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)**

56. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 41.

57. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

58. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA,

which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

59. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

60. NATIONSTAR has failed to or refused to comply with 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) in that NATIONSTAR did not provide an adequate response to a request for information within the required timeframe.

61. As such, NATIONSTAR has violated 12 U.S.C. § 2605(k)(1)(E).

62. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

63. Plaintiff is entitled to actual damages as a result of Defendant, NATIONSTAR's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs and postage costs incurred as a result of having to send additional correspondences due to NATIONSTAR's failure to comply with RESPA. *See* Rodriguez v. Seterus, Inc., No. 15-61253-Civ-COOKE/TORRES (S.D. Fla. 2015)(the Court finding that actual damages includes photocopying and postage costs due to servicer's noncompliance with RESPA); Saint-Fleur v. JPMorgan Chase Bank, N.A., No. 15-cv-61110-WPD (S.D. Fla. 2015); Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla. 2014)(same); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595

F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

64. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of NATIONSTAR's pattern or practice of noncompliance with Regulation X and RESPA.

65. NATIONSTAR has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

(1) With respect to loan number ******5683, NATIONSTAR violated 12 C.F.R. § 1024.36(c) by failing to provide written acknowledgment to a request for information within the required timeframe.
(2) With respect to loan number ******8263, NATIONSTAR violated 12 C.F.R. § 1024.36(c) by failing to provide written acknowledgment to a request for information within the required timeframe.
(3) With respect to loan number ******3289, NATIONSTAR violated 12 C.F.R. § 1024.35(e) by failing to provide a written response to a notice of error within the required timeframe.
(4) With respect to loan number ******2551, NATIONSTAR violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

66. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

67. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19 and 42 through 55.

68. Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the

> debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

69. NATIONSTAR has unlawfully increased the amount of the debt owed by Plaintiff by charging for fees, which NATIONSTAR has no authority or reasonable basis to impose. This is merely a tactic used to increase the billing of Plaintiff.

70. NATIONSTAR has attempted to go under the guise of the Mortgage Loan documents to suggest that it is lawful to conduct property inspections at will, indiscriminately, and without justification, merely because the Mortgage Loan is allegedly in default. This is tantamount to the assertion of the existence of a legal right that NATIONSTAR knows does not exist.

71. Plaintiff put NATIONSTAR on notice of Plaintiff's issue with the charging of inspection fees and provided NATIONSTAR an opportunity to cure by ceasing to continue to conduct inspections and charge for same. Notwithstanding, NATIONSTAR continued to assess inspection fees to the Mortgage Loan despite Plaintiff's continuous habitation of the property.

72. NATIONSTAR knows it had no legal right to continue to conduct inspections which are not reasonable or appropriate to protect the lender's interest.

73. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

74. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

75. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

76. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, MARVA D. PITTER, respectfully asks this Court to enter an order granting judgment for the following:

(a) That NATIONSTAR be required to provide the information requested in Plaintiff's RFI;

(b) That NATIONSTAR be required to remove all property inspection fees from the Mortgage Loan after December 5, 2015;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f) and Florida Statutes § 559.77(2); and

(d) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, MARVA D. PITTER, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silvers

Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786